**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**<br>**ONE STATE FARM PLAZA**<br>**BLOOMINGTON, IL 61710,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BOLLINGER INDUSTRIES, INC. (ACG BRANDS)**<br>**700 HENRIETTA CREEK ROAD**<br>**ROANOKE, TX 76262,**<br><br>**Defendant.** | **CIVIL DOCKET NO.:** |

**COMPLAINT**

Plaintiff, State Farm Fire and Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against the Defendant, Bollinger Industries, Inc. (ACG Brands) ("Defendant"), complaining against it as follows:

**PARTIES**

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – property (*inter alia*) insurance to Iris Fontaine-Glover ("subrogor") in connection with her residential property at 256 Willers Road in Upper Chichester, Pennsylvania ("subject property").

4. As a result of claims made on said policy in connection with the incident described below, Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the claims being pursued via this action.

5. Upon information and belief, Defendant is a Texas corporation with its principal place of business at the above-captioned address; upon further information and belief, Defendant at all relevant times regularly conducted business in Pennsylvania, including selling its products throughout the Commonwealth.

6. Upon yet further information and belief, Defendant was at all relevant times in the business of (*inter alia*) designing, assembling, manufacturing, selling, distributing, marketing, delivering, installing, and otherwise placing into the stream of commerce consumer-used HALO ACDC Bolt Jump Packs, including the HALO ACDC Bolt Jump Pack at issue in this case – specifically a HALO ACDC Bolt 58830.

7. The above-referenced HALO ACDC Bolt 58830 will hereinafter be collectively referred to as “the product.”

**JURISDICTION AND VENUE**

8. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

9. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

**STATEMENT OF FACTS**

10. Plaintiff repeats the facts and allegations stated in the foregoing paragraphs as though they were fully re-stated here.

11. Prior to December 25, 2025, subrogor purchased and received the product.

12. On or about December 25, 2025, the product malfunctioned in that a failure occurred while the product was connected to the device's charger; this caused a fire that resulted in damages to the subject property.

13. The damages to the subject property, as well as the imposition of additional expenses and hardship besides upon subrogor, were directly and proximately caused by Defendant as is further and more fully described below.

14. Pursuant to the above-mentioned policy, Plaintiff paid monies in excess of $200,000.00 to subrogor for covered losses incurred in connection with the damages, etc., described above; Plaintiff thereby became subrogated to recover on the claims asserted in this action.

**COUNT I – NEGLIGENCE**

15. Plaintiff repeats the facts and allegations stated in the foregoing paragraphs as though they were fully re-stated here.

16. The above-described damages were the direct and proximate result of the negligence of Defendant – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

a. failing to exercise reasonable care by …

i. failing to design, manufacture, assemble, sell, design, transport, distribute, install, and/or market a properly functioning product, i.e. the product;

ii. failing to properly design, inspect, install, and/or test the product and/or their component parts;

iii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards:

iv. failing to provide safe and adequate use instructions and warnings with the product; and/or

v. designing, assembling, manufacturing, marketing, distributing, recommending, and/or selling the product when Defendant knew or should have known that it and/or its component parts would be inappropriate for the uses for which purchased.

b. failing to adequately instruct, supervise, and/or train suppliers, servants, employees, subcontractors, and/or agents as to the proper ways to perform the tasks described in subparagraph (a)(i.–v.);

c. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a)(i.–v.);

d. failing to properly monitor the work of all suppliers, agents, subcontractors, and/or employees during the performance of the tasks described in subparagraph (a)(i.–v.) to ensure compliance with applicable safety procedures;

e. failing to retain competent, qualified and/or able suppliers, agents, employees or servants to perform the tasks described in subparagraph (a)(i.–v.);

f. failing to perform the tasks described in subparagraph (a)(i.–v.) in conformity with the prevailing industry and governmental specifications and standards; and/or

g. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Defendant's undertakings in connection with the product's design, assembly, sale, manufacture, marketing, distribution and/or testing.

17. As a direct and proximate result of Defendant's above-described negligent and other standard-non-compliant acts and/or omissions, subrogor suffered a fire that caused her to sustain and incur damages to her property, as well as the imposition of other harms and expenses, in an amount in excess of $200,000.00.

18. Pursuant to the terms and conditions of the above-described policy, Plaintiff made payments to subrogor consistent therewith in regard to such damages; Plaintiff thereby became subrogated to the recovery claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for damages in an amount in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT II – STRICT LIABILITY**

19. Plaintiff repeats the facts and allegations stated in the foregoing paragraphs as though they were fully re-stated here.

20. Defendant is engaged, and at all relevant times was engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing, delivering, installing, marketing, and/or otherwise placing into the stream of commerce, *inter alia*, products such as the product.

21. Defendant designed, manufactured, assembled, marketed, distributed, tested, sold, and/or otherwise placed into the stream of commerce the product in a defective condition, unreasonably dangerous to consumers and others.

22. Defendant knew or should have known that the product would, and did, reach consumers – including the subrogor –without substantial change in the condition in which originally designed, manufactured, assembled, distributed, installed and sold.

23. The aforementioned defects consisted of:

(a) design defects;

(b) manufacturing defects;

(c) assembly defects;

(d) component defects; and/or

(e) use- and/or installation-instruction and warning defects.

24. As a direct and proximate result of such defects, subrogor suffered the fire, which caused her to sustain and incur damage to the subject property, as well as the imposition of additional expenses and harms, in an amount in excess of $200,000.00.

25. For these reasons, Defendant is strictly liable to subrogor – and ultimately Plaintiff – for the damages described herein under Section 402A of the Restatement (2d) of Torts, as well as the applicable statutory and case law of Pennsylvania.

26. According to the terms and conditions of the above-described policy, Plaintiff made payments to subrogor consistent therewith in regard to such damages; Plaintiff thereby became subrogated to the recovery claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for damages in an amount in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT III – BREACH OF WARRANTY**

27. Plaintiff repeats the facts and allegations stated in the foregoing paragraphs as though they were fully re-stated here.

28. At the time of distributing, installing and/or selling the product, Defendant had reason to know the particular purposes for which the product would be used, and knew that its skill and judgment were being relied upon to furnish suitable products.

29. Thus, Defendant breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code ("UCC") and 13 Pa.C.S.A. §2-315 in that the product was not fit for the particular purposes for which such products are required.

30. In addition, Defendant breached the implied warranty of merchantability as set out in the UCC and 13 Pa.C.S.A. §2-314(c) in that the product was not fit for the ordinary uses for which such products are used.

31. In addition, Defendant breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the products, in violation of the UCC and 13 Pa.C.S.A. §2-313.

32. Subrogor's damages occurred as a direct and proximate result of Defendant's breach of their implied warranties of fitness for a particular purpose and merchantability as set out in the UCC and 13 Pa.C.S.A. §2-315 and §2-314(c) as a result of Defendant's breach of its expressed warranties in violation of the UCC and 13 Pa.C.S.A. §2-313.

33. According to the terms and conditions of the above-described policy, Plaintiff made payments to subrogor consistent therewith in regard to such damages; Plaintiff thereby became subrogated to the recovery claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for damages in an amount in excess of $200,000.00, plus costs incident to this suit, delay damages and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**de LUCA LEVINE LLC**

BY: *__/s/ Daniel J. de Luca__*
Daniel J. de Luca,
PA ATTY I.D. NO. 74727
301 E. Germantown Pike, Suite 300
East Norriton, PA 19401
(215) 383-0081 (phone)
(215) 383-0082 (fax)
ddeluca@delucalevine.com
**ATTORNEYS FOR PLAINTIFF**

**Dated:** 08 SEP 26